## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **DAVID GRANADOS** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **STATE FARM LLOYDS** | § | |
| **DAVID RODRIGUEZ** | § | |

## NOTICE OF REMOVAL AND DEMAND FOR TRIAL BY JURY

Defendant STATE FARM LLOYDS, pursuant to 28 U.S.C. §§ 1441(a), 1332(a), and 1367(a), files this its Notice of Removal of suit from the 48th Judicial District Court of Tarrant County, Texas, to the United States District Court for the Northern District of Texas, Fort Worth Division, and in support thereof would respectfully show the Court as follows:

1.    This is a civil action originally filed on October 15, 2015, and pending in the 48th Judicial District Court of Tarrant County, Texas, Cause No. 48-281800-15, in which the Plaintiff is David Granados and the Defendant is State Farm Lloyds (the "State Court suit").

2.    Attached as Exhibit "A" to this Notice of Removal and incorporated herein for all purposes are copies of Plaintiff's Original Petition filed on October 15, 2015; Defendant's Answer filed November 23, 2015; Notice Filing of Removal filed on or about December 3, 2015 and, Judge's Docket Sheet. These papers constitute all processes, pleadings, and orders in the State Court at the time this Notice of Removal is filed.

3.    The Notice of Removal was filed in this Court within thirty (30) days after November 5, 2015, the day that State Farm Lloyds was served with the Original Petition. Therefore, removal is timely under 28 U.S.C. § 1446(b).

4.      Simultaneously with the filing of this Notice of Removal, Defendant has sent, by electronic filing and electronic service, written notice of the removal to Plaintiff's attorney of record, Mr. Robert A. Pollom, Kettterman, Rowland, & Weslund, 16500 San Pedro, Suite 302, San Antonio, Texas 78232.

5.      A notice of filing of removal, with a copy of the Notice of Removal previously attached, has been duly filed with the clerk of the 48th District Court of Tarrant County, Texas, for filing in the State Court suit.

6.      State Farm Lloyds (hereinafter referred to as "State Farm")  at the time suit was commenced and at the time of removal, was and is an unincorporated association of underwriters, none of whom is now, or was at the time of this action, a citizen of the State of Texas. Specifically, the underwriters of State Farm Lloyds are all natural persons who are residents and citizens of the State of Illinois, Colorado or Georgia. Each underwriter is now, and was at the time this action commenced, a citizen of either the State of Illinois, Colorado or Georgia, and of no other State.

7.      State Farm would also show that "named defendant, David Rodriguez, has not been served with citation. Further, upon information and belief, State Farm affirms that named defendant, David Rodriguez, did not adjust, evaluate or participate in any way in the investigation of Plaintiff's claim made the subject of his suit against State Farm.

8.      At the time of suit was commenced and at the time of removal, David Granados resided in Tarrant County, Texas. He is a citizen of the State of Texas (herein referred to as "Granados").  Complete diversity exists between Plaintiff and Defendant and complete diversity existed at the time of filing of suit and at the time of removal. The "naming" of David Rodriguez as a Defendant in this matter is inappropriate on its face and made only and wholly as an attempt to

destroy diversity jurisdiction.

9.      The amount in controversy exceeds the sum of $75,000.

10.     Granados' request for an award of damages against Defendant arises from his claim for benefits pursuant to a policy of insurance issued by State Farm to Granados.

11.     The Plaintiff's petition is vague and merely states "Plaintiffs suffered covered losses in the form of wind and/or hail damage and damages resulting therefrom."

12. (a). Granados made a claim for damages in the sum that far exceeds the minimum jurisdictional limits of the State Court in which this matter was originally filed.

13. (b). In his lawsuit, Plaintiff alleges that State Farm's "failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff." (See Plaintiff's Petition, paragraph IV.).

14. (c) Plaintiff alleges he should recover "the maximum of which is over $100,000 but not more than $200,000. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate. (See Plaintiffs' Petition, paragraph XI.)

15. (d) Plaintiffs further allege they should recover under Tex. Ins. Code, Chapter 541 and Chapter 542. (See Plaintiff's Petition, paragraph IV.)

16. (E) Plaintiffs further alleges that State Farm breached the duty of good faith and fair dealing. (See Plaintiff's Petition, paragraphs V. C.)

17. (f.) Plaintiffs further allege that State Farm's actions were "knowingly or recklessly made false representations...as to material facts and/or knowingly concealed all or part of material information from Plaintiff". See Plaintiff's Petition, paragraphs IV).

18 (g.) Lastly, Plaintiffs allege damages that will be a sum within the jurisdictional limits of the State District Court. (See Plaintiff's Original Petition, XII).

19.     Given the breadth and gravity of Plaintiffs' allegations, State Farm has a good faith belief that the amount in controversy exceeds $75,000.00 exclusive of interest and Court costs pursuant to 28 U.S.C. 1332(a).   The amount in controversy necessarily includes (for jurisdictional purposes) claims for "general" and "special" damages and may also include punitive damages if recoverable, as a matter of law.   Boelins v. Redman Homes, Inc., (5th Cir. 1984) 748 F.2d 1058, 1069; Watson v. Blankinship, (10th Cir. 1994) 20 F.3d 383, 386-387. Likewise, attorney fees are included in determining the amount in controversy.   Clark v. National Travelers Life Ins. Co., (6th Cir. 1975) 518 F.2d 1167; Forte v. Southern Farm Bureau Life Ins. Co. (5th Cir. 1990) 918 F.2d 534.   Therefore, it appears, from a good faith reading of the petition and allegations contained therein, that the Plaintiffs' claims are more than the jurisdictional amount to a legal certainty.   St. Paul Mercury Indem. Co. v. Red Cab. Co., (1938) 303 U.S. 283, 288-289, 58 S. Ct. 586, 590.

B.     Defendant further demands a trial by jury.

WHEREFORE, Defendant State Farm Lloyds prays that Cause No. 48-281800-15 currently pending in 48th Judicial District of Tarrant County, Texas, be removed to this Court for determination; that all other and further proceedings in the State Court be stayed, and that Defendant have all additional relief to which it may be entitled.

Respectfully submitted,

JANET K. COLANERI
State Bar No. 04527900

THE COLANERI FIRM, P.C.
1161 W. Corporate Drive, Suite 101
Arlington, Texas 76006
(817) 640-1588
(817) 640-1680 [Fax]
janet@colanerifirm.com

ATTORNEYS FOR DEFENDANT

### CERTIFICATE OF SERVICE

I, JANET K. COLANERI, do hereby certify that I have forwarded by electronic filing and electronic service a true and correct copy of the foregoing Notice of Removal has been served on counsel of record, as listed below on this 3rd day of December, 2015.

Robert A. Pollom
Ketterman, Rowland & Westlund
16500 San Pedro, Suite 302
San Antonio, Texas 78232
robert@krwlawyers.com

JANET K. COLANERI

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **DAVID GRANADOS** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **STATE FARM LLOYDS** | § | |
| **DAVID RODRIGUEZ** | § | |

### DEFENDANT'S COVER SHEET AND INDEX OF STATE COURT FILINGS

COME NOW DEFENDANT, STATE FARM LLOYDS, pursuant to 28 U.S.C. § 1447 (b),

and file this Index of State Court filings prior to removal to Federal Court on _12/3/15_,

State Court records in the file are attached as follows:

1) Plaintiff's Original Petition - filed October 15, 2015; and served on Defendant on November 5, 2015.

2) Defendant's Original Answer – filed November 23, 2015.

3) Notice of Filing of Removal - filed _12/3/15_

4) Judge's Docket Sheet.


Respectfully submitted,

_[signature]_

JANET K. COLANERI
State Bar No. 04527900

THE COLANERI FIRM, P.C.
1161 W. Corporate Drive, Suite 101
Arlington, Texas 76006
(817) 640-1588
Fax: (817) 640-1680
janet@colanerifirm.com

ATTORNEYS FOR DEFENDANT

DEFENDANT'S
EXHIBIT

A

## CERTIFICATE OF SERVICE

     I, Janet K. Colaneri, do hereby certify that I have electronically filed and e-service a true and correct copy of the foregoing has been served on counsel of record as listed below on this 3rd day of _December_ , 2015.

Robert A. Pollom
Ketterman, Rowland & Westlund
16500 San Pedro, Suite 302
San Antonio, Texas 78232
robert@krwlawyers.com

JANET K. COLANERI

CAUSE NO. 048-281800-15

FILED
TARRANT COUNTY
10/15/2015 9:37:43 AM
THOMAS A. WILDER
DISTRICT CLERK

| DAVID GRANADOS | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| STATE FARM LLOYDS | § | |
| AND DAVID RODRIGUEZ | § | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff DAVID GRANADOS, files this Original Petition against STATE FARM

LLOYDS ("STATE FARM" or the "INSURANCE DEFENDANT"), and DAVID

RODRIGUEZ ("RODRIGUEZ" or "ADJUSTER DEFENDANT" or herein collectively as

"DEFENDANTS") and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas

Rules of Civil Procedure. This case involves complex issues and will require extensive

discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in

accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiff resides in Tarrant County, Texas.

Defendant STATE FARM is in the business of insurance in the State of Texas. The

insurance business done by INSURANCE DEFENDANT in Texas includes, but is not

limited to, the following:

1


DEFENDANT'S
EXHIBIT

048-281800-15

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by a process server, by serving its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701 or wherever else it may be found.

Defendant, David Rodriguez, is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process via personal service at 307 Leff Place, San Antonio, Texas 78221, or wherever else he may be found.

## III.
### JURISDICTION AND VENUE

Venue is appropriate in Tarrant County, Texas because all or part of the conduct giving rise to the causes of action were committed in Tarrant County, Texas and the Plaintiff and property which is the subject of this suit are located in Tarrant County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## IV.
### FACTS

Plaintiff is the owner of a Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiff owns the insured property, which is specifically located at 1408 Raines Street, Arlington, Texas 76010 (hereinafter referred to as "the Property").

048-281800-15

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff.

During the terms of said Policy, Plaintiff sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported same pursuant to the terms of the Policy. Plaintiff asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy. INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after its agent, ADJUSTER DEFENDANT conducted an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was

3

048-281800-15

caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt

4

048-281800-15

Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiff's claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

## V.

## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

### A.   BREACH OF CONTRACT

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff. Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the

048-281800-15

Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

**B.   NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**

**1.   UNFAIR SETTLEMENT PRACTICES**

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

**2.   THE PROMPT PAYMENT OF CLAIMS**

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

6

048-281800-15

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

C.   **BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

VI.
**CAUSES OF ACTION AGAINST ADJUSTER DEFENDANT**

A.   **NONCOMPLIANCE WITH TEXAS INSURANCE CODE**

Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, RODRIGUEZ, the ADJUSTER DEFENDANT, was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the ADJUSTER DEFENDANT and

7

048-281800-15

his agents constitute one or more violations of the Texas Insurance Code. More specifically, the ADJUSTER DEFENDANT has, among other violations, violated the following provisions of the Code:

> 1.  Insurance Code § 542.003(b)(5) and 28 TAC 21.203(5).
>
> 2.  Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle the claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time;

- refusing to conduct a reasonable investigation;

- ignoring damage known to be covered by the Policy; and/or

- conducting an outcome-oriented investigation in order to provide INSURANCE DEFENDANT with a basis to underpay the claim.

The foregoing paragraphs are incorporated herein. The INSURANCE DEFENDANT assigned the loss and the claim to  who was at all pertinent times the agent of the INSURANCE DEFENDANT, through both actual and apparent authority. The acts, representations and omissions of the ADJUSTER DEFENDANT are attributed to the INSURANCE DEFENDANT.

ADJUSTER DEFENDANT inspected Plaintiff's property. During the inspection, ADJUSTER DEFENDANT was tasked with the responsibility of conducting a thorough

8

048-281800-15

and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying all of the damage done to Plaintiff's property. During the inspection, ADJUSTER DEFENDANT ignored covered damages to the Property and refused to address all of the damages caused by the loss. Specifically, RODRIGUEZ, ignored covered damages including but not limited to the roof, shed, carport and bathroom. Subsequent to the inspection, ADJUSTER DEFENDANT prepared a repair estimate, completed on or about October 29, 2013, which vastly under-scoped the actual covered damages to the property, thus demonstrating ADJUSTER DEFENDANT did not conduct a thorough investigation of the claim.

Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, the ADJUSTER DEFENDANT failed and refused to properly adjust the claim. The ADJUSTER DEFENDANT failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the Plaintiff, failed to timely evaluate the claim, failed to timely and properly estimate the claim, and failed to timely and properly report to the INSURANCE DEFENDANT and make recommendations to the INSURANCE DEFENDANT to address all the covered damages.

The Plaintiff provided information regarding the loss and the claim to the ADJUSTER DEFENDANT. The Plaintiff allowed the ADJUSTER DEFENDANT full and complete access to the property. The Plaintiff provided sufficient information to the ADJUSTER DEFENDANT to adjust and evaluate the loss. The Plaintiff made inquiries regarding the status of the loss and payment, but the ADJUSTER DEFENDANT failed and refused to respond to the inquiries and failed to properly adjust the claim and the loss. As

9

048-281800-15

a result of the ADJUSTER DEFENDANT'S inadequate and outcome-oriented investigation, to date, Plaintiff has not received full payment for the claim.

The ADJUSTER DEFENDANT'S actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Plaintiff.

Where statements were made by the ADJUSTER DEFENDANT, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

## VII.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by DEFENDANTS as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VIII.
## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of DEFENDANTS' mishandling of Plaintiff's claim in violation of the laws set forth above.

048-281800-15

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

048-281800-15

## IX.

In addition, as to any exclusion, condition, or defense pled by DEFENDANTS, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the DEFENDANTS violate the Texas Insurance Code section 541 et seq. and is void as against public policy;

Any other construction violates Art. 17.50 of the Texas Business and Commerce Code and is unconscionable and is void as against public policy and was procured by fraudulent inducement;

Any other construction is likewise void as against public policy, illegal, and violates state law and administrative regulation.

In the alternative, should court find any ambiguity in the policy, the rules of construction of such policies mandate construction and interpretation urged by Plaintiff;

In the alternative, DEFENTS are judicially, administratively, or equitably estopped from denying Plaintiff uction of the policy coverage at issue;

In the alternative, to the at the wording of such policy does not reflect the true intent of all parties thereto pleads the doctrine of mutual mistake requiring information.

048-281800-15

## X.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that DEFENDANTS provide the information required in a Request for Disclosure.

## XI.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $100,000 but not more than $200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## XII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that DEFENDANTS be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against DEFENDANTS for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiff may be justly entitled.

048-281800-15

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas  78232
Telephone:      (210) 490-7402
Facsimile:      (210) 490-8372


BY:___/s/ Robert A. Pollom_____
        Robert A. Pollom
        State Bar No. 24041703
        robert@krwlawyers.com
        Perry Dominguez
        State Bar No. 24055414
        perry@krwlawyers.com


ATTORNEYS FOR PLAINTIFF


**PLAINTIFF REQUESTS A TRIAL BY JURY**

14

THE STATE OF TEXAS   **SERVICE COPY**
DISTRICT COURT, TARRANT COUNTY

*CITATION*   *Cause No. 048-281800-15*

DAVID GRANADOS
VS.
STATE FARM LLOYDS, ET AL

TO: STATE FARM LLOYDS

B/S CORPORATION SERVICE COMPANY/REG AGT 211 E 7TH ST STE 620 AUSTIN, TX 787

You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 48th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

DAVID GRANADOS

Filed in said Court on October 15th, 2015 Against
STATE FARM LLOYDS, DAVID RODRIGUEZ

For suit, said suit being numbered 048-281300-15 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

ROBERT A POLLOM
Attorney for DAVID GRANADOS Phone No. (210)490-7402
Address   16500 SAN PEDRO STE 302 SAN ANTONIO, TX 78232

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 22nd day of October, 2015.

By _____ Deputy
LISA LETBETTER

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION
, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
County of _____, State of _____

S, ET AL

5

k

402

R Deputy

DOS

O STE 302

232



TED
ICT CLERK

FILED
TARRANT COUNTY
11/20/2015 3:42:49 PM
THOMAS A. WILDER
DISTRICT CLERK

048-281800-15

## CAUSE NO. 048-281800-15

| | | |
|---|---|---|
| **DAVID GRANADOS** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **48TH JUDICIAL DISTRICT** |
| | § | |
| **STATE FARM LLOYDS and** | § | |
| **DAVID RODRIGUEZ** | § | **TARRANT COUNTY, TEXAS** |

### DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STATE FARM LLOYDS ("Defendant"), a Defendant in the above-styled and

numbered cause and files its Original Answer and for such would show the Court the following:

### I.

### Special Exceptions

### A.

### Standard of Review

### 1.

"[A]llegations of the pleadings and the evidence offered under the pleadings must conform to each other. In determining issues presented by a pleading, the court must look thereon from the standpoint of the party against whom they are exhibited. The purpose of the pleading is to put the party on notice of the character of evidence that he will be called upon to meet."

*Erisman v. Thompson*, 167 S.W.2d 731 (Tex. 1943).

### B.

### Breach of Contract

### 1.

A petition in a cause of action for breach of contract must contain a short statement of the

cause of action sufficient to give fair notice of the claim involved, including an allegation of a

---



contractual relationship between the parties, and the substance of the contract which supports the pleaders right to recover. *See Cadle Co. v. Castle*, 913 S.W.2d 627, 631 (Tex. App.—Dallas 1995, writ denied). The plaintiff should plead all material terms of the contract upon which she is relying for recovery. *See Chuck Wagon Feeding Co., Inc. v. Davis*, 768 S.W.2d 360 (Tex. App.—El Paso 1989, writ denied). "Since no recovery can be had for a breach of contract that has not been pleaded, it is elementary that there should be an allegation of a contractual relationship and the petition must aver every material part of the contract with so much of it as essential to show the cause of action specially set out; and the petition must show a breach of the contract by the defendant and is defective if it fails to do so." *Koenning v. Manco Corp.,* 521 S.W.2d 691, 695 (Tex. App.—Corpus Christi 1975, writ refused n.r.e.).

**2.**

Defendant specially excepts to Plaintiff's claims for breach of contract because:

- Plaintiff fails to allege the material terms of the contract;

- Plaintiff fails to allege sufficient facts to give notice of a breach of those terms; and

- Plaintiff fails to allege sufficient facts to give notice of the damages proximately caused by the breach.

**C.**

**Texas Insurance Code Chapter 541 / Unfair Insurance Practices**

**1.**

Texas Insurance Code, section 541.151 authorizes a private action to a person who is caused actual damages by another person by engaging in an unfair or deceptive act or practice in the business of insurance as defined by section 541.060. *See* TEX. INS. CODE, sec. 541.151. The Plaintiff

must plead and prove that the damages were factually caused by the wrongful conduct. *See First American Title Co., of El Paso v. Prata,* 783 S.W.2d 697 (Tex. App.—El Paso, 1989, writ denied); *Crawford and Co. v. Garcia,* 817 S.W.2d 98 (Tex. App.—El Paso 1991, writ denied); *State Farm Fire & Cas. Co. v. Miller,* 713 S.W.2d 700 (Tex. App.—5th Dist. 1986, writ ref'd n.r.e.). The conduct must be a "producing cause" of the insured's damage. *See Provident Amer. Ins. Co. v. Castenada,* 988 S.W.2d 189, 193 n.12 (Tex. 1998) (distinguishing common law claims for bad faith, which require evidence of "proximate" rather than "producing" cause for statutory claims); *Wellisch v. United Services Auto. Assoc.,* 75 S.W.3d 53, 59 (Tex. App.—San Antonio 2002, pet. denied); *Nast v. State Farm Fire & Cas. Co.,* 82 S.W.3d 114, 121 (Tex. App.—2002, no pet.). As the Texas Supreme Court has explained, "A 'producing cause' is an act that is a substantial factor that brings about injury and without which the injury would not have occurred." *Trinity Univ. Ins. Co. v. Bleeker,* 966 S.W.2d 489, 491 (Tex. 1998).

**2.**

For the following reasons, Defendant specially excepts to Plaintiff's conclusory allegations that Defendant violated section 541.060:

(1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

Defendant specially excepts to Plaintiff's claims because:

- Plaintiff fails to allege sufficient facts that give fair notice of the misrepresentation, the person who made it, or when the misrepresentation was made; and

- Plaintiff fails to allege sufficient facts to five fair notice of the damages the damages that were factually caused by the misrepresentation itself.

### 3.

For the following reasons, Defendant specially excepts to Plaintiff's conclusory allegations

that Defendant violated section 541.060:

(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:

(A)    a claim with respect to which the insurer's liability has become reasonably clear;

Defendant specially excepts to Plaintiff's claims because:

- Plaintiff's allegations are insufficient to give fair notice of the facts that made liability reasonably clear.

### 4.

For the following reasons, Defendant specially excepts to Plaintiff's conclusory allegations

that Defendant violated section 541.060:

(3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

Defendant specially excepts to Plaintiff's claims because:

- Plaintiff's allegations are insufficient to give fair notice of the facts of the damages that were factually caused by the alleged failure.

### 5.

For the following reasons, Defendant specially excepts to Plaintiff's conclusory allegations

that Defendant violated section 541.060:

> (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

Defendant specially excepts to Plaintiff's claims because:

- Plaintiff's allegations are insufficient to give fair notice of the facts showing that the investigation was unreasonable.

- Plaintiff's allegations are insufficient to give fair notice of the facts of the damages that were factually caused by the alleged failure.

### D.

### Texas Insurance Code, Chapter 542, Subchapter B--Prompt Payment of Claims Act

### 1.

An insurer's statutory duties are triggered under the Prompt Payment of Claims Act following receipt of a "notice of claim." *See* Tex. Ins. Code, sec. 542.055. The Act defines a "notice of claim" to mean "any written notification provided by a claimant to an insurer that reasonably apprises the insurer of the facts relating to the claim." *See* Tex. Ins. Code, sec. 542.051. Because the Act requires written notice to the insurer, the insurer's duties under the Act are not triggered by verbal notice. *See McMillin v. State Farm Lloyds*, 180 S.W.3d 183, 207-208 (Tex. App.—Austin 2005, pet. denied); *Mid-Century Ins. Co. v. Barclay*, 880 S.W.2d 807, 810 (Tex. App.—Austin 1994, writ denied).

### 2.

Defendant specially excepts to Plaintiff's cause of action for violation of the Prompt Payment of Claims Act because:

---

- Plaintiff fails to plead sufficient facts to show that Plaintiff gave "notice of claim" or the person, time or manner in which notice was given so that Defendant has fair notice of the obligations and timelines under the Act that were triggered.

- Plaintiff fails to plead sufficient facts to show that Defendant was not in compliance with the Act after receiving notice of claim, or which provisions that Defendant failed to comply with.

## E.

## Breach of Duty of Good Faith / Bad Faith

### 1.

To prevail on a cause of action for "bad faith," the plaintiff must prove that the insurer failed to pay the claim when it knew or should have known that liability was "reasonably clear." *United States Fire Ins. Co. v. Williams*, 955 S.W.2d 267 (Tex. 1997); *The Universe Life Ins. Co. v. Giles, 950 S.W.2d 48, 56* (Tex. 1997), *Lyons v. Miller's Casualty Ins. Co.*, 866 S.W.2d 597, 600 (Tex. 1993); *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994).

### 2.

Defendant specially excepts to Plaintiff's cause of action for bad faith because:

- Plaintiff fails to plead sufficient facts to give fair notice of the factual basis that Defendant unreasonably delayed payment or breached a fiduciary duty to Plaintiff for the claims, including facts showing why liability should have been reasonably clear.

- Plaintiff's allegations are insufficient to give fair notice of the facts of the damages that were factually caused by the alleged failure.

**F.**

**Texas Insurance Code, sec. 541.151 and DTPA**

**1.**

Texas Insurance Code, section 541.151 also authorizes a private action to a person who

sustains actual damages caused by an act or practice that is specifically enumerated in <u>Section 17.50,</u>

<u>Business & Commerce Code</u>, if the person bringing the action shows that the person relied on the act

or practice to the person's detriment. *See* TEX. INS. CODE, sec. 541.151.

**2.**

For the following reasons, Defendant specially excepts to Plaintiff's conclusory allegations

that Defendant violated section 541.151 and the DTPA:

(a)(2)   Breach of an express or implied warranty

(a)(3)   Any unconscionable action or course of action by any person

(a)(4)   The use or employment by any person of any act or practice in violation of
Chapter 541, Insurance Code.

Defendant specially excepts to Plaintiff's claims because:

- Plaintiff fails to allege sufficient facts that would give fair notice of the
express or implied warranty and breach thereof, the unconscionable
action or violation of Chapter 541, Insurance Code, and the person
committing such breach, unconscionable action or violation of the
Insurance Code;

- Plaintiff fails to allege sufficient facts that would give fair notice of the
damages cause in reliance on the representation.

## G.

### Exemplary Damages

#### 1.

An action on a contract does not by itself entitle a plaintiff to exemplary damages. *See Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994); *Jim Walter Homes, Inc.* 711 S.W.2d 617 (Tex. 1986).   Even if the insurer acts in bad faith, the insured is entitled only to compensatory damages. *See Moriel*, 879 S.W.2d at 18.   That is, even a tortious act is not of itself grounds for an award of exemplary damages. *See Moriel*, 879 S.W.2d at 18 (citing *Ware v. Paxton*, 359 S.W.2d 897, 899 (Tex. 1962).   As the Texas Supreme Court has explained, "Every tort involves conduct that the law considers wrong, but punitive damages are proper only in the most exceptional cases." *Id.*   An insurer is liable for punitive damages only when it has acted with gross negligence, or outrageous behavior, that was likely to involve an independent risk of "serious injury." *See id.* at 23.   An insurer's refusal to pay a claim cannot justify punitive damages unless the insurer "was actually aware that its action would probably result in extraordinary harm not ordinarily associated with breach of contract or bad faith denial of a claim"--such as financial ruin, serious injury, or death. *Id.*

#### 2.

Defendant specially excepts to Plaintiff's claim for exemplary damages because:

- Plaintiff fails to plead sufficient facts to give fair notice of any conduct that was likely to cause serious injury, death or financial ruin

## H.
## Waiver and Estoppel
### 1.

Plaintiff alleges that State Farm has waived or is estopped from asserting any defenses, conditions, exclusions or exceptions to coverage not contained in any reservation of rights letter. However, the purpose of a Reservation of Rights Letter is to put the insured on notice in the event of a liability claim that a conflict of interest exists between the insured and the insurer so that the insured can decline the representation and control its own defense. *See State Farm Lloyds v. Williams*, 791 S.W.2d 542, 550-51 (Tex. App. Dallas 1991, writ denied); *Am. Eagle Ins. Co. v. Nettlton*, 932 S.W.2d 169, 174 (Tex. App.—El Paso 1996, writ denied).

### 2.

Defendant specially excepts to Plaintiff's claims for waiver and estoppel because:

- Plaintiff fails to allege any third party claim that required a Reservation of Rights.

- Plaintiff fails to allege facts to support that Defendant is judicially, administratively, or equitably estopped from asserting defenses to Plaintiff's claims and/or interpretation of the insurance contract.

## II.

## Original Answer
## A.

## General Denial

Defendant enters a general denial in accordance with the provisions of Rule 92, Texas Rules of Civil Procedure.

## B.

## AFFIRMATIVE DEFENSES

### 1.

Pleading further, or in the alternative if such be necessary, Defendant would show that Plaintiff has a duty to segregate covered damages from damages resulting from normal wear and tear, inherent vice, and latent defect; however, Plaintiff failed to do so, and such failure shall relieve Defendant of liability or serve as a limitation on Plaintiff's damages if any.

### 2.

For further Answer, if further Answer be necessary, and without waiving any other defenses alleged herein and pleading in the alternative, Defendant alleges that Plaintiff's damages, if any, were proximately caused by prior events and damages for which Plaintiff was previously paid and/or existed before and unrelated to the occurrence in question.

### 3.

For further Answer, if further Answer be necessary, and without waiving any other defenses alleged herein and pleading in the alternative, Defendant alleges that Plaintiff failed to mitigate his damages, if any, and therefore, Plaintiff's failure to mitigate his damages should reduce his recovery, if any.

### 4.

State Farm contends that its contractual obligations are defined by the declarations, terms, condition and endorsement of policy #58-B8-Z230-5, including, but not limited to the following: Contractual Claims.

COVERAGE A--DWELLING

LOSSES INSURED

We insure for accidental direct physical loss to property described in Coverage A, except as provided in SECTION I--LOSSES NOT INSURED.

****

SECTION I--LOSSES NOT INSURED.

1. We do not insure for any loss to the property in Coverage A which consists of, or is directly and immediately caused by, one of the perils listed in item a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

    g.    wear, tear, marring, scratching, inherent vice, latent defect or mechanical breakdown.

    i.    wet or dry rot;

3.    We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraph 1. or 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

    a.    Conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent, or without fault;

    b.    defect, weakness, inadequacy, fault or unsoundness in:

        (1)    planning, zoning, development, surveying, sitting;

        (2)    design, specifications, workmanship, construction, grading, compaction;

        (3)    materials used in construction or repair; or

        (4)    maintenance;

State Farm denies that any loss that would be accidental direct physical loss or that occurred during the policy period resulting from any cause other than one of the causes listed above, including, wear, tear, marring, scratching, inherent vice, and latent defect.

State Farm would further show the policy under which Plaintiff has brought this suit is subject to the following Loss Settlement Provisions and such provisions shall relieve this Defendant of liability or serve as a limitation on Plaintiff's damages if any:

SECTION I- LOSS SETTLEMENT

COVERAGE A-DWELLING

1. A1--Replacement Cost Loss Settlement--Similar Construction.

a. We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the Declarations, the damaged part of the property covered in the Declarations, the damaged part of the property covered under SECTION I-COVERAGES, COVERAGE A--DWELLING, except for wood fences, subject to the following:

(1) until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the Declarations, not to exceed the cost to repair or replace the damaged part of the property;

(2) when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the Declarations, whichever is less;

(3) to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed; and

(4) we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair, or demolition of a building or other structure, except as provided under Option OL-Building Ordinance or Law Coverage.

b. Wood Fences:  We will pay the actual cash value at the time of loss for loss or damage to wood fences, not to exceed the limit of liability shown in the Declarations for Coverage A--Dwelling Extension

2.      A2--Replacement Cost Loss Settlement--Common Construction.

a.      We will pay the cost to repair or replace with common construction and for the same use on the premises shown in the Declarations, the damaged part of the property covered in the Declarations, the damaged part of the property covered under SECTION I-COVERAGES, COVERAGE A--DWELLING, except for wood fences, subject to the following:

(1) we will pay only for repair or replacement of the damaged part of the property with common construction techniques and materials commonly used by the building trades in standard new construction.  We will not pay the cost to repair or replace obsolete, antique or custom construction with like kind and quality;

(2) ) until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the Declarations, not to exceed the cost to repair or replace the damaged part of the property as described in a.(1) above;

(3)  when the repair or replacement is actually completed as described in a.(1) above, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the Declarations, whichever is less;

(4) to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed; and

(5) we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair, or demolition of a building or other structure, except as provided under Option OL-Building Ordinance or Law Coverage.

b.      Wood Fences:  We will pay the actual cash value at the time of loss for loss or damage to wood fences, not to exceed the limit of liability shown in the Declarations for Coverage A--Dwelling Extension.

State Farm contends that, based on the Loss Settlement provisions set out above, Plaintiff's claims, if any, are limited to the actual cash value at the time of the loss to the damaged part of the property.

## 5.

Defendant would show that Plaintiff, by and through his attorneys, Robert A. Pollom and Ketterman Rowland & Westlund, made or has made a demand for attorney's fees that far exceeded the amount that would be reasonable and necessary if performed by another attorney of similar experience and skill in Tarrant County, Texas, considering the nature and value of the dispute, the novelty of the issue, and or the time and work expended.

## III.

### Jury Demand

Defendant respectfully request a trial by jury.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm Lloyds, prays that this matter be set for hearing with notice to Plaintiff, and, upon hearing hereof, the Court grant Defendant's Special Exceptions, order Plaintiff to replead within 10 days from the date of the Court's Order, and, in the event that Plaintiff fails to amend as ordered, strike Plaintiff's claims without further action and allow them to form no part of any issue tried to the Court or the Jury. Defendant State Farm Lloyds further prays that upon final trial hereof, Plaintiff takes nothing of this suit against this Defendant and that this Defendant go hence with its costs.

Respectfully submitted,

_MC Mandy_

JANET K. COLANERI
State Bar No. 04527900
janet@colanerifirm.com
MARCUS C. MARSDEN, JR.
State Bar. No. 13014200
marcus@colanerifirm.com
THE COLANERI FIRM, P.C.
1161 W. Corporate Drive, Suite 101
Arlington, Texas 76006
Phone:  817-640-1588
Fax:  817-640-1680

ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS

## CERTIFICATE OF SERVICE

I do hereby certify that I have forwarded by Facsimile, a true and correct copy of the above and foregoing **Defendant State Farm Lloyds' Original Answer** in this cause to the attorney for Plaintiff as listed below on this _20th_ day of November, 2015.

Robert A. Pollom
Ketterman, Rowland & Westlund
16500 San Pedro, Suite 302
San Antonio, Texas 78232

_MC Mandy_

Janet K. Colaneri/Marcus C. Marsden, Jr.

## CAUSE NO. 048-281800-15

| | | |
|---|---|---|
| DAVID GRANADOS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 48TH JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS and | § | |
| DAVID RODRIGUEZ | § | TARRANT COUNTY, TEXAS |

<u>NOTICE OF FILING OF REMOVAL</u>

PLEASE TAKE NOTICE THAT Defendant State Farm Lloyds, has filed in the United States District Court for the Northern District of Texas, Fort Worth Division, a Notice of Removal of the above-styled Cause No. 048-281800-15, originally filed in this Court, and removed to the United States District Court for the Northern District of Texas, Fort Worth Division, and that a true and correct copy of said Notice of Removal is being filed with the clerk of the United States District Court, to thereby effect a removal to said District Court of the United States, and that the State Court shall proceed no further, unless the cause is remanded. A copy of said Notice of Removal is attached to this Notice.

Respectfully Submitted,

JANET K. COLANERI
State Bar No. 04527900
janet@colanerifirm.com

THE COLANERI FIRM, P.C.
1161 W. Corporate Drive, Suite 101
Arlington, TX 76006
817/640-1588
Fax: 817/640-1680

ATTORNEYS FOR DEFENDANT

DEFENDANT'S
EXHIBIT
3

## CERTIFICATE OF SERVICE

     I, JANET K. COLANERI, do hereby certify that I have forwarded by electronic filing and e-service a true and correct copy of the above and foregoing **Notice of Filing of Removal** in this cause to the attorney for Plaintiff as listed below on this 3ʳᵈ day of _December_, 2015.

Robert A. Pollom
Ketterman, Rowland & Westlund
16500 San Pedro, Suite 302
San Antonio, Texas 78232
robert@krwlawyers.com

JANET K. COLANERI

 **Tarrant County District Clerk Online**
Thomas A. Wilder, District Clerk

| Civil - Case and Transaction Information | 12/3/15 11:06 AM |
|---|---|

| Cause Number: | 048-281800-15 | | | Date Filed: 10-15-2015 |
|---|---|---|---|---|

| | DAVID GRANADOS | | VS | | STATE FARM LLOYDS, ET AL |
|---|---|---|---|---|

Cause of Action:       CONTRACT, CONSUMER/DTPA

Case Status:            PENDING

| File Mark | Description | | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|---|
| 10-15-2015 | PLTF'S ORIG PETITION | N | I | | 284.00 | |
| 10-15-2015 | COURT COST (PAID) trans #1 | Y | | | | 284.00 |
| 10-15-2015 | CIVIL CASE INFO SHEET | | | | | 0.00 |
| 10-15-2015 | COVER LTR REQ CITATION | I | | | | 0.00 |
| 10-15-2015 | CIT-ISSUED ON STATE FARM LLOYDS-On 10/22/2015 | N | Svc | | 8.00 | |
| 10-15-2015 | CIT-ISSUED ON DAVID RODRIGUEZ-On 10/22/2015 | N | Svc | | 8.00 | |
| 10-15-2015 | COURT COST (PAID) trans #6 | Y | | | | 8.00 |
| 10-15-2015 | COURT COST (PAID) trans #5 | Y | | | | 8.00 |
| 10-15-2015 | JURY FEE | N | | | 30.00 | |
| 10-15-2015 | COURT COST (PAID) trans #9 | Y | | | | 30.00 |
| 10-15-2015 | E-FILE TRANSACTION FEE | N | | | 2.00 | |
| 10-15-2015 | COURT COST (PAID) trans #11 | Y | | | | 2.00 |
| 11-16-2015 | CIT RET OF SVC-STATE FARM LLOYDS (SEE TRANS #16) | I | | | | 0.00 |
| 11-16-2015 | E-FILE TRANSACTION FEE | N | | | 2.00 | |
| 11-16-2015 | COURT COST (PAID) trans #14 | Y | | | | 2.00 |
| 11-16-2015 | CIT Tr# 5 RET EXEC(STATE FARM LLOYDS) On 11/05/2015 | I | | | | 0.00 |
| 11-20-2015 | DEFN'S ORIG ANS - STATE FARM LLOYDS | I | | | | 0.00 |
| 11-20-2015 | E-FILE TRANSACTION FEE | N | | | 2.00 | |
| 11-20-2015 | COURT COST (PAID) trans #18 | Y | | | | 2.00 |

**District Clerk's Office**

Tom Vandergriff Civil Courts Building

100 N. Calhoun St., 2nd Floor, Fort Worth, Texas 76196, Contact Us

Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster

